IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIRK GROSS,<br>a/k/a White Boy,<br><br>Defendant. | CRIMINAL NO. SAG-20-219 |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America ("United States"), by its attorneys, Jonathan Lenzner, Acting United States Attorney for the District of Maryland, and Samika N. Boyd, Assistant United States Attorney for the said district, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On July 23, 2020, the United States filed an Information, charging Kirk Gross (the "defendant") with conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine, in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute fentanyl, heroin, and cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 924(d) (Count Three). ECF No. 1.

2. The Information also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28

1

U.S.C. § 2461(c), upon conviction of the defendant of the offenses alleged in Counts One through Three of the Information.

3.  On August 12, 2020, the defendant pled guilty to the offenses alleged in Counts One through Three of the Information. ECF. No. 5. As part of the guilty plea, the defendant agreed to forfeit to the United States all right, title, and interest in the following items that the defendant agreed constitute money, property, and/or assets derived from or obtained by the defendant as a result of, or used to facilitate the commission of, the defendant's offenses:

(1)  a SCCY Industries CPX-2 semi-automatic 9mm pistol bearing serial number 632077 seized from a black bag in the hallway closet of the defendant's Owings Mills residence on or about April 5, 2019;

(2)  a SCCY Industries CPX-2 semi-automatic 9mm pistol bearing serial number 534817 seized from a shoe box in the master bedroom closet of the defendant's Pikesville residence on or about April 5, 2019;

(3)  a Taurus PTIII Millennium G2 semi-automatic 9mm pistol bearing serial number TKW08741 seized from a black bag in the hallway closet of the defendant's Owings Mills residence on or about April 5, 2019;

(4)  a Taurus PT140 Millennium G2 semi-automatic 9mm pistol bearing serial number SK559240 seized from a shoe box in the master bedroom closet of the defendant's Pikesville residence on or about April 5, 2019;[1]

(5)  approximately one magazine of .40 caliber seized from a black bag in the hallway closet of the defendant's Owings Mills residence on or about April 5, 2019;

(6)  approximately one magazine of 9mm Luger seized from a shoe box in the master bedroom closet of the defendant's Pikesville residence on or about April 5, 2019;

(7)  approximately eight cartridges of .40 S&W seized from a shoe box in the master bedroom closet of the defendant's closet on or about April 5, 2019;

(8)  approximately twelve cartridges of 9mm Luger seized from a shoe box in the master bedroom closet of the defendant's closet on or about April 5, 2019; and

---

[1] The plea agreement included a typographical error indicating that the serial number of the Taurus PT140 Millennium G2 semi-automatic 9mm pistol was SKS89240. The correct serial number is SK559240.

(9)     approximately five magazines of 9mm Luger seized from a black bag in the hallway closet of the defendant's Owings Mills residence on or about April 5, 2019.

4.      In addition to the forfeiture of the assets listed in Paragraph 3 via plea agreement, defendant, through his counsel, has consented to the forfeiture of three additional items he agrees constitutes money, property, and/or assets derived from or obtained by him as a result of, or used to facilitate the commission of, his illegal activities:

(1) approximately 9 .40 caliber live rounds;

(2) approximately one pair of trigger keys; and

(3) approximately 1.28kg of Ketamine & Tramadol

The assets listed in Paragraph 4, together with the assets listed in Paragraph 3 above, are collectively the "Subject Property."

5.      The United States has subsequently learned that the money the defendant agreed to forfeit as a part of his plea agreement have been administratively forfeited by The U.S. Customs and Border Protection. Therefore, the United States is no longer seeking forfeiture of the following:

- $8, 200.00 seized from the defendant's socks on his person on or about April 5, 2019 which was administratively forfeited by the U.S. Customs and Border Protection on or about September 20, 2019 (Exhibit 1);

- $1,806.00 seized from the defendant's pockets on his person on or about April 5, 2019 which was administratively forfeited by the U.S. Customs and Border Protection on or about September 20, 2019 (Exhibit 2);

- $192,510.00 seized from a clothing hamper of the defendant's Pikesville residence on or about April 5, 2019 which was administratively forfeited by the U.S. Customs and Border Protection on or about September 20, 2019 (Exhibit 3); and

- $39,600.00 seized from a black bag inside the master bedroom closet of the defendant's Pikesville residence which was administratively forfeited by the U.S. Customs and Border Protection on or about September 20, 2019 (Exhibit 4).

6. Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property.

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

10. The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

 (a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

 (b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the defendant's sentence;

 (c) retain jurisdiction for the purpose of enforcing the forfeiture; and

 (d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

        Respectfully submitted,

        Jonathan Lenzner
        Acting United States Attorney

    By: *Samika Boyd*
        Samika N. Boyd
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_Samika Boyd_
Samika N. Boyd
Assistant United States Attorney